**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES A. MARQUEZ,

      Plaintiff–Appellant,

v.

STATE OF NEW MEXICO,
GENERAL SERVICES
DEPARTMENT,

      Defendant–Appellee.

No. 06-2136

(D.C. No. 05-CIV-414 JH/RLP)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff filed an action against the State of New Mexico, its General Services Department, and numerous individuals, alleging that he was constructively discharged and that he was retaliated against for filing a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

discrimination claim when the defendants refused to rehire him for various positions. He asserted claims of age discrimination in violation of the Age Discrimination in Employment Act, national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), sex discrimination in violation of Title VII; disability discrimination in violation of the Americans with Disabilities Act, and retaliation in violation of Title VII.

The case was originally filed in state court but was removed to federal court. The United States District Court for the District of New Mexico concluded that the retaliation claim was not yet exhausted, as a decision from the Equal Employment Opportunity Commission ("EEOC") remained pending. By agreement of the parties, the court entered an order dismissing the entire case without prejudice in order to give Plaintiff an opportunity to exhaust the retaliation claim. The dismissal order included a tolling agreement allowing Plaintiff to refile his complaint within ninety days of receiving a right-to-sue letter from the EEOC on the pending retaliation claim.

The EEOC issued and mailed the right-to-sue letter on December 28, 2004. A dispute arose over when Plaintiff actually received the letter, and thus over when the ninety-day filing deadline was triggered. Plaintiff asserted—without presenting any evidence—that he did not receive the triggering document until January 10, 2005, some thirteen days after it was mailed. His subsequent complaint was filed on April 12, 2005. On Defendant's Motion for Summary

Judgment, the trial court dismissed the case as time-barred. It analyzed the time alternatively under the Supreme Court's presumption under Fed. R. Civ. P. 6(e) that in absence of contrary evidence a document is received three days after mailing as well as under the common-law presumption of receipt within five days of mailing. The trial court held that Plaintiff had failed to present sufficient evidence to overcome either of these presumptions. Finally, the trial court concluded that, even accepting Plaintiff's claimed receipt date, the refiled complaint was still untimely.

As a precaution, the trial court considered Defendant's Motion for Summary Judgment on the merits, applying the standard *McDonnell Douglas* burden-shifting rationale. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The trial court concluded that Plaintiff had not met his burden of proving that Defendant's proffered business reason for its action was pretextual. It also concluded that the State was immune from certain of the claims under the Eleventh Amendment to the Constitution.

We need not reach the merits decision alternatively supporting the trial court's order dismissing the case with prejudice. Plaintiff had ninety days after receipt of his right-to-sue letter to refile his case. Under any version of the time of receipt of that letter, Plaintiff's complaint was untimely filed and therefore barred by the agreed-upon statute of limitations.

The judgment of the trial court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge